FILED
SUPERIOR COURT
OF GUAM

2025 MAY 22 PM 2: 27

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **IN THE MATTER OF THE ESTATES** | **PROBATE CASE NO. PR0191-24** |
| of | **DECISION AND ORDER DENYING PETITION FOR PROBATE OF WILL AND FOR LETTERS TESTAMENTARY WITH WILLS ANNEXED** |
| **PAUL GUY CHANG and JUNE LEE CHANG,** | |
| Deceased. | |

This matter came before the Honorable Dana A. Gutierrez upon the Petition for Probate of Will and For Letters Testamentary With Wills Annexed ("Petition"), filed by Edward Yaw Hwa Chang ("Petitioner"). The Court held Petition hearings in this matter on December 18, 2024 and January 22, 2025. Present at the hearings via Zoom were Petitioner and his counsel, Attorney Leah D. Aguon. Because the Wills at issue are lost and Petitioner has failed to meet the requirements to prove a lost will under 15 GCA § 1525, the Court hereby **DENIES** the Petition.

## BACKGROUND

Paul Guy Chang and June Lee Chang (collectively, "Decedents") died on June 3, 2024, and July 16, 2023, respectively. Petition, Exhibit A and B (Nov. 4, 2024). On November 4, 2024, Petitioner filed his Petition. Petitioner prays that (1) the Estates of Decedents ("the Estate") be admitted into probate; (2) Decedents' Last Wills and Testaments be admitted to probate; (3) Letters

Testamentary be issued to Petitioner and (4) that no security for the faithful performance be required. *Id.* at 3.

Petitioner stated that his father, Paul Guy Chang, told Petitioner that he had a Will when he was still alive. Ptr.'s Decl. at 1. Petitioner claims that he "has exercised all efforts to locate the original versions of the wills of Paul Guy Chang and June Lee Chang, in their files and safety deposit box. However, only a copy of each will was discovered." Petition at 2. Petitioner stated that "[a]fter thoroughly searching all the files, [he] did not find the original wills or any other copies of the wills." Ptr.'s Decl. at 2. Petitioner attached alleged copies of the Decedents' Last Wills and Testament to the Petition. *See* Petition, Exhibit C and D.

The Court held a Petition hearing on December 18, 2024.[1] Notice of the hearing was posted at three locations in Yona, including (1) the Yona Mayor's Office, (2) Buenas Market, and (3) Mijin Market, on December 3, 2024, fifteen (15) days before the hearing. *See* Decl. of Posting (Dec. 5, 2024). Notice of the hearing was also published in three consecutive issues of the Guam Daily Post on December 8, 9, and 10, 2024, not more than 10 days before the hearing. *See* Decl. of Publication (Dec. 16, 2024). The sole heir, Petitioner, was served with the Notice of Hearing by registered mail restricted delivery on December 11, 2024. *See* Affidavit of Service (Dec. 16, 2024). No one appeared to contest the Petition.

On January 15, 2025, Petitioner filed Petitioner's Supplemental Brief Re: 15 GCA § 1525 As Requested By The Honorable Judge Dana A. Gutierrez ("Supplemental Brief") and Declaration

---

[1] Petitioner also noted that he became aware that his name was misspelled in both of his parents' Wills at the December 18, 2024 Petition hearing. Petitioner alleges that his name was inadvertently stated as "Edward Yao Hwa Chang." On January 15, 2025, a Notice of Errata to Petitioner's Name was filed correcting Petitioner's name on all pleadings filed previously as "Edward Yaw Hwa Chang."

of Petitioner in Support of Supplemental Brief ("Petitioner's Declaration"). He stated that he is the only child and sole heir of the Decedents and that he conducted a "due search and inquiry for the Last Wills and Testaments" of the Decedents. Petr.'s Decl. at 2. He further stated that he does not "recognize any of the ascribing witnesses' names or addresses" and does not know how to contact them. *Id.*

On January 22, 2025, the Court held a continued Petition hearing and took the matter under advisement. Min. Entry at 10:03 a.m. (Jan. 22, 2025).

## DISCUSSION

The Superior Court of Guam may probate a decedent's lost will. 15 GCA § 1503. To prove a lost will, 15 GCA § 1525(a)(1) requires a petitioner prove the will "to have been in physical existence at the time of the testator's death." Further, a lost will's provisions must be "clearly and distinctly proved by the sworn testimony of at least two credible witnesses in open court." 15 GCA § 1525(b). Finally, in order to admit a lost will, "[t]he testimony of each witness shall be reduced to writing, signed by such witness, and filed in the permanent records of the Superior Court of Guam." 15 GCA § 1529.

Petitioner argues that 15 GCA § 1525 is "inapplicable to the instant case" where "a true and correct copy of each of the decedents' valid wills exists, [and] . . . carries the same force and effect as the original will." Suppl. Br. at 7. Rather, Petitioner argues that 15 GCA § 1519(c) applies because the Petition is uncontested. *Id.* at 4. Title 15 GCA § 1519(c) permits the probate of a witnessed will in uncontested proceedings without testimony from subscribing witnesses if due notice was given, reasonable efforts to locate witnesses were made, and the will appears valid on

its face with proof of the testator's handwriting and either a subscribing witness's handwriting or an attestation showing proper execution. *See* 15 GCA § 1519(c).

Petitioner argues that because he has met the requirements of 15 GCA § 1519, the Court should admit the Decedent's purported Will to probate. Suppl. Br. at 4. However, the Petitioner's reliance on § 1519 is misplaced. Section 1519 governs the proof required of a witnessed will in uncontested probate proceedings once the original will is produced to the court. In this matter, Petitioner has informed the Court that the original Wills cannot be found. Petition at 1.

As the original Wills cannot be found, the present matter involves lost wills. *See* 15 GCA § 1525. Therefore, Petitioner must prove the Wills under § 1525. 15 GCA § 1525(a)(1) requires a petitioner prove the will "to have been in physical existence at the time of the testator's death." Further, a lost will's provisions must be "clearly and distinctly proved by the sworn testimony of at least two credible witnesses in open court." 15 GCA § 1525(b).

As to the first requirement, Petitioner has not established that the Wills were in physical existence at the time of the Decedents' deaths as required by 15 GCA § 1525(a)(1). The burden to prove the existence of the will is upon the proponents of the will. *In re Estate of LeSure*, 68 P.2d 313, 315 (Cal. Dist. Ct. App. 1937).[2]

---

[2] This rule was derived from California Probate Code § 350. 15 GCA § 1525, SOURCE. Therefore, California's interpretation of Probate Code § 350 is persuasive in this Court's interpretation of 15 GCA § 1525. "Generally, when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction." *Sumitomo Constr. Co. v. Zhong Ye, Inc.*, 1997 Guam 8 ¶ 7. For instance, in *M Electric Corporation v. Phil-Gets (Guam) Intl. Trading Corp. dba J&B Modern Tech et. al.*, 2016 Guam 35 ¶ 40, the Supreme Court of Guam held federal interpretation of Federal Rules of Civil Procedure Rule 15 was persuasive when interpreting Guam Rules of Civil Procedure Rule 15 because the federal rule was the source of Guam's statute, and the two statutes have similar language.

Although the Petitioner stated in his Declaration that his father told him he had a Will when he was alive, the Petitioner did not state that either his father's or his mother's Will was in existence at the time of their deaths. Petitioner also never testified to it in open court or otherwise alleged it. Although he located copies of the Decedents' Wills, this also does not reflect that the Wills were in physical existence at the time of the Decedents' deaths. Therefore, Petitioner did not meet the requirements of 15 GCA § 1525(a).

As to the second requirement, Petitioner also failed to prove the provisions of the Wills by two credible witnesses in open court. Petitioner stated that he was unable to recognize or contact any of the subscribing witnesses. Petr.'s Decl. at 2. There was also no testimony in open court from any witnesses concerning the provisions of the Wills. Therefore, Petitioner does not meet the requirements of 15 GCA § 1525(b).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petition. A status hearing in this matter shall be held on **Wednesday, June 18, 2025 at 9:30 a.m.**

SO ORDERED: ___**MAY 2 2 2025**___ .

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

ARRIOLA LAW FIRM

MAY 2 2 2025
Date: _____ Time: 2:46 pm

_____
Deputy Clerk, Superior Court of Guam